IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY R. JONES                                                                   PLAINTIFF

v.                    Civil No. 05-2059

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                    DEFENDANT

## O R D E R

Plaintiff Jimmy R. Jones appealed the Commissioner's denial of benefits to this court. On September 6, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

On November 14, 2005, plaintiff moved for approval of attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $2,479.00, representing 16.75 hours of service at the rate of $148.00 per hour. Defendant has filed a response, expressing no objection to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a social

security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at an hourly rate of $148.00 based on an increase in the cost of living and attached a copy of the Consumer Price Index. Attorneys' fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. *Id*. At F.2d 503. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his motion for fees and has presented evidence of an increase in the cost of living. Therefore, his argument for enhanced fees based on a cost of living increase has merit and this court believes that an hourly fee of $148.00 per hour would appropriately enhance the mandated hourly fee to reflect the cost of living increase. We further find plaintiff's counsel is entitled to 16.75 hours of work.

**CONCLUSION**

Based on the above, we hereby award an attorney's fee under EAJA of $2,479.00, representing 16.75 hours at a rate of $148.00 per hour. This amount should be paid in addition to, and not out of, plaintiff's past due benefits.

**IT IS SO ORDERED this 17th day of February 2006.**

> **/s/Beverly Stites Jones**
> **HON. BEVERLY STITES JONES**
> **UNITED STATES MAGISTRATE JUDGE**